## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**CASE NUMBER:  3:13cr77-LAC**

vs.

**JOHN NORMAN SIMS**

_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, **JOHN NORMAN SIMS** as the Defendant, James R. Van Camp, Esquire, as attorney for the Defendant, and the United States Attorney for the Northern District of Florida.  This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

### 2. TERMS

The parties agree to the following terms:

a.      The Defendant will plead guilty to Counts One (conspiracy to commit bribery, theft of government funds, disclosing or obtaining contractor bid or proposal information or source selection information, honest services mail fraud, and the making of false statements within the jurisdiction of the executive branch of the Government of

FILED IN OPEN COURT THIS
7/7/14
CLERK U.S. DISTRICT
COURT, NORTHERN DIST. FL.

the United States), Three (bribery), Nine (theft of government property), Sixteen (disclosing or obtaining contractor bid or proposal information or source selection information), and Thirty-Four (possession or retention of information relating to the national defense) of the Indictment, and the government will move to dismiss the remaining counts at sentencing. As to Count One, the Defendant faces a maximum term of twenty years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Three, the Defendant faces a maximum term of fifteen years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Nine, the Defendant faces a maximum term of ten years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Sixteen, the Defendant faces a maximum term of five years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Thirty-Four, the Defendant faces a maximum term of ten years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special monetary assessment.

Defendant agrees to pay the special monetary assessments on or before the date of sentencing. If the Defendant is unable to pay the special assessments prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes the forfeiture of all forfeitable assets.

2

b.      That by voluntarily pleading guilty to the charges in the Indictment, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights that attend a Defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.      The Defendant is pleading guilty because the Defendant is in fact guilty of the charges alleged in Counts One, Three, Nine, Sixteen, and Thirty-Four of the Indictment. In pleading guilty, the Defendant acknowledges that were this case to proceed to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d.      Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. The Defendant agrees that substantial evidence exists to support the charges.

e.      Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

3

f. If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

## 3. SENTENCING

a. Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

4

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

The Defendant agrees to make full restitution to the United States Air Force as determined by the Court. The defendant agrees that the amount of restitution may include losses resulting from related conduct for which the defendant was not convicted, if the loss flowed directly from the relevant conduct of which the defendant was a part.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

5

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

PAMELA C. MARSH
United States Attorney

JAMES R. VAN CAMP, ESQ.
Attorney for Defendant

STEPHEN M. KUNZ
Florida Bar No. 0322415
Assistant United States Attorney
Chief, Criminal Division
Northern District of Florida
111 N. Adams Street, 4th Floor
Tallahassee, Florida 32301
(850) 942-8430

Date

Date

JOHN C. BEROSET, ESQ.
Attorney for Defendant

Date

JOHN NORMAN SIMS
Defendant

JUL 7, 2014

Date

6