**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                        **Case # 3:13cr77-001LAC**

**JOHN NORMAN SIMS**                          **USM # 32859-016**

**Defendant's Attorneys:**
**James Van Camp (Retained)**
**2 Regional Circle**
**Pinehurst, NC 28374**


**John Beroset (Retained)**
**1622 North 9th Avenue**
**Pensacola, FL 32503**

---

**JUDGMENT IN A CRIMINAL CASE**

The defendant pled guilty to Counts One, Three, Nine, Sixteen, and Thirty-Four of the Indictment  on July 7, 2014.  Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 371 and 1349 | Conspiracy to Commit Bribery, Theft of Government Funds, Disclosing or Obtaining Contractor Bid or Proposal Information or Source Selection Information, Honest Services Mail Fraud, and the Making of False Statements Within the Jurisdiction of the Executive Brand of the U.S. Government | June, 2010 | One |
| 18 U.S.C. §§ 201(b)(1)(B) and 2 | Bribery | May, 2009 | Three |
| 18 U.S.C. §§ 641 and 2 | Theft of Government Property | May 2, 2008 | Nine |
| 41 U.S.C. §§ 423 and 2 | Disclosing or Obtaining Contractor Bid or Proposal Information or Source Selection Information | August 30, 2007 | Sixteen |
| 18 U.S.C. § 793(e) | Possession or Retention of Information Relating to the National Defense | March 24, 2012 | Thirty-Four |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

Counts 5,7,8,10,11,12,13,14,15,17,18,19,20,21,22,23,24,25,30 and 32 dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
October 28, 2014


*s/L.A. Collier*

---
LACEY A. COLLIER
SENIOR UNITED STATES DISTRICT JUDGE

November 19, 2014

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Thirty-Six Months as to Counts One, Three, Nine, Sixteen, and Thirty-Four, with all counts to run concurrently, one with the other**.

        The defendant shall surrender to either the United States Marshal for this district or to the institution designated by the Bureau of Prisons by 12:00 noon on January 5, 2015.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

 at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **Three Years as to Counts One, Three, Nine, Sixteen, and Thirty-Four, with all counts to run concurrently, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

Although mandatory drug testing is required pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the drug testing condition is suspended based upon the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1.      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3.      the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      the defendant shall support his or her dependents and meet other family responsibilities;

5.      the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7.      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11.     the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12.     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13.     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.     if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

Any unpaid restitution balance shall become a condition of the defendant's term of supervised release, and the defendant shall make monthly installment payments of not less than $250.00 per month, to commence three months after release from imprisonment.

The defendant shall provide the probation officer with access to any requested financial information and report the source and amount of personal income and financial assets to the supervising probation officer as directed.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

---

Defendant

---

Date

---

U.S. Probation Officer/Designated Witness

---

Date

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court.  Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717.  Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|:---:|:---:|:---:|
| $500.00 | Waived | $250,000.00 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$500.00** ($100.00 each count) is imposed and is to be paid immediately.

No fine imposed.

## RESTITUTION

Restitution in the amount of **$250,000.00** is imposed.

The defendant shall make restitution to the following victim in the amount listed below.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| The United States Air Force | $250,000.00 |

     The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

**Restitution in the amount of $250,000.00 is hereby ordered jointly and severally with:   co-defendant George Guyton Cannady.**

Interest on restitution is hereby waived.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties $250,500.00 immediately, balance due as related below:

In monthly installments of not less than $250.00 over a period of supervised release to commence three months after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n).  Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to the Stipulated Notice of Forfeiture (Doc. #161) and Order Approving the Stipulated Notice (Doc. #165), the amount of One Hundred Ninety-Five Thousand Dollars ($195,000.00), in lieu of real property located at 225 Kings Ridge Court, Southern Pines, North Carolina (as listed in the Preliminary Order of Forfeiture (Doc. #132), is reflected as the forfeited asset.